UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK JERALD SMITH ,

           Petitioner,

    v.

WARDEN FEDERAL DETENTION SEATAC,

           Respondent.

CASE NO. 2:26-cv-00410-DGE-DWC

ORDER DENYING MOTION FOR IMMEDIATE REVIEW (DKT. NO. 2)

Before the Court are a proposed habeas corpus petition (Dkt. No. 1) and a motion for immediate review of that petition (Dkt. No. 2.)  As an initial matter, the Court notes Petitioner has not paid the required filing fee or signed the petition.  (Dkt. No. 4.)

Furthermore, the Petition has not been filed by the petitioner himself, but rather by an individual named Arti Pinner, who seeks to act as "next friend" for the petitioner.  (Dkt. No. 1.) A third party may file a petition for a writ of habeas corpus on behalf of a prisoner only when that third party has standing as a "next friend."  *United States v. Castle*, Case No. 2:15-cr-0190 KJM DB P, 2022 WL 16836743 at * 1 (E.D. Cal. Nov. 9, 2022).  There are two "firmly rooted

ORDER DENYING MOTION FOR IMMEDIATE REVIEW (DKT. NO. 2) - 1

prerequisites" for "next friend" standing. First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. *Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 888 (9th Cir. 2004). Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest. *Id.*

Here, the Petition asserts that Petitioner is being held in detention under an incorrect middle name, which deprives him of meaningful access to the courts. (Dkt. No. 1.) Pinner asserts a "significant relationship" with Petitioner, but provides no information about the nature of that relationship. (*Id.* at 2.) Pinner cannot proceed as a next friend without first filing a motion establishing the qualifications to act as a next friend. Accordingly, the motion for immediate review (Dkt. No. 2) is DENIED.

As already identified by the Clerk, the current petition is deficient because (1) a filing fee has not been paid and an application to proceed in forma pauperis has not been filed; (2) the petition is not signed; and (3) the petitioner has not signed the petition. (*See* Dkt. No. 4.) In addition, the filing will not be accepted as a next friend filing absent a formal motion establishing the purported next friend meets the requirements.

These deficiencies must be addressed before the Court takes any further action in this matter. **Petitioner is given until March 6, 2026** to correct these deficiencies. If the deficiencies are not corrected, the matter will be dismissed without prejudice. In the alternative, the individual detainee may file their own petition for habeas relief along with a proper application to proceed in forma pauperis.

ORDER DENYING MOTION FOR IMMEDIATE REVIEW (DKT. NO. 2) - 2

The Clerk is directed to calendar this event.

Dated this 4th day of February, 2026.

David G. Estudillo
United States District Judge

ORDER DENYING MOTION FOR IMMEDIATE REVIEW (DKT. NO. 2) - 3