UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK JERALD SMITH , <br><br>                    Petitioner, <br>        v. <br><br> WARDEN FEDERAL DETENTION SEATAC, <br><br>                    Respondent. | CASE NO. 2:26-cv-00410-DGE-DWC <br><br> ORDER ON MOTION TO ESTABLISH NEXT FRIEND STANDING (DKT. NO. 6) |

Before the Court is a motion filed by Arti Pinner seeking to be appointed as "next friend" for Petitioner Patrick Jerald Smith.  (Dkt. No. 6.)  On February 4, 2026, Pinner filed a proposed habeas corpus petition on behalf of Smith and sought to act as next friend for Smith.  (Dkt. No. 1.)  The same day, the Court issued an order denying a motion for immediate review and finding Pinner could not proceed as a next friend without first filing a motion establishing the qualifications necessary to act as such.  (Dkt. No. 5.)  The Court noted that Pinner asserted a "significant relationship" with Petitioner, but provided no information about the nature of that relationship.  (*Id.*)  The Court identified several other deficiencies with the proposed petition,

ORDER ON MOTION TO ESTABLISH NEXT FRIEND STANDING (DKT. NO. 6) - 1

including that: (1) a filing fee has not been paid and an application to proceed in forma pauperis had not been filed; (2) the petition was not signed; and (3) the petitioner had not signed the petition.  (*Id.*)  The Court gave Petitioner until March 6, 2026 to correct the deficiencies identified in its order or the Court would dismiss this matter without prejudice.  (*Id.*)

On February 24, 2026, Arti Pinner filed the instant motion.  (Dkt. No. 6.)  Pinner continues to assert a "significant and longstanding personal relationship" with Petitioner, but provides no information concerning the nature of that relationship.  (*See* Dkt. Nos. 6, 7.)  Pinner has filed a notice indicating an intention to "adopt and sign[]" the proposed habeas petition.  (Dkt. No. 8.)  Petitioner himself appears to have filed and signed an application to proceed in forma pauperis.[1]  (Dkt. No. 9.)

Pinner's rationale for seeking to proceed as a next friend for Petitioner is that Petitioner is "presently unable to meaningfully access the courts[.]"[2]  (Dkt. No. 6 at 5.)  The Court questions whether this is correct.  Even if it were, Pinner has not established the existence of a significant relationship with Petitioner.  *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990) (The "burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify jurisdiction of the court.").

Even if Pinner filed a motion for next friend status with the required information, Pinner would have to be represented by counsel in order to proceed as a next friend.  "[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf

---

[1] The Court notes that while the application is signed by Smith, it was signed the day after the Court issued its order, suggesting that Petitioner is either aware of these proceedings and capable of participating in them himself, or that another individual signed the application on Petitioner's behalf.

[2] The Court notes that Petitioner is represented by counsel in the underlying criminal case.  *USA v. Smith*, Case No. 2:24-mj-00713-MAT-1.

ORDER ON MOTION TO ESTABLISH NEXT FRIEND STANDING (DKT. NO. 6) - 2

of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases); *see also Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'") (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *C.E. Pope Equity Trust*, 818 F.2d at 697 ("Although a non-attorney may appear *in propia persona* in his own behalf, that privilege is personal to him."). "Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, *see* 28 U.S.C. § 2246, the statute does not authorize the 'next friend' to proceed without an attorney." *United States v. Caputo*, No. 1:14-cr-00041-JLT-SKO-1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023) (citing *Lovett v. Adams*, No. EDCV 18-00338-MWF (E), 2018 WL 3239939, at *1 (C.D. Cal. June 28, 2018).

The Court finds Pinner has not addressed the deficiencies identified in its prior order. Accordingly, this case is DISMISSED without prejudice.

The Clerk is directed to send a copy of this Order to attorney Brent A. Hart, whom the Court understands currently represent Petitioner in a criminal matter.

Dated this 5th day of March, 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO ESTABLISH NEXT FRIEND STANDING (DKT. NO. 6) - 3